Jüdge Logan
delivered the opinion of the court.
Abnej and Gill entered into articles in 1802, by which the former covenanted to make to the other a good and lawful right, on or before the 12th of September, then next ensuing, to a certain tract of land therein described, in consideration whereof, Gill covenanted to pay 150 per 100 acres, in good trade. And having departed this life, suit was instituted by his executor, for a breach of the covenant, in not conveying the land, and a judgment recovered for $>319 86. To injoin which, Abney filed his bill, allcdging several grounds; but the only one deemed material to notice, is the non-payment of the consideration, and the insolvency of the estate of Gill.
There is no proof of payment, and from the manner in which the article is expressed, we apprehend no payment had previously been made. But the covenants are independent; and for the failure to convey, agreeably to contract, the vendor might regularly be sued. And had it been otherwise, he ought to have availed himself upon the trial at law, and not to be permitted, afterwards, to resort to equity for relief upon the same ground.
But if, as alledged, the purchaser was insolvent, it would be of little avail to the seller that he bad at law his redress Up0n (jle COvenant of the other. And a total inability to comply by the one, ought to operate as a release of the other.
Ehc fact of insolvency, however, does not seem to be admitted; nor is it proved. The defendant, after responding to several allegations, denies every other, not particularly answered. This is a denial of the allegation not before responded to; and the omission to except, for want of a more special answer thereto, threw the onus probandi of the fact charged upon the complainant. Without evidence of which, we are therefore of opinion, that the decree *241 ~hôuiJ be affir~ned with cost a~d damages 0: the damages decreed by the court below.
Bibb aud Lit~dl for appellant, Hardin an~ peilee. , Pope for ap-